**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Manuel Delgado NUNEZ, Defendant— Appellant.**

No. 03–50010.

United States Court of Appeals, Ninth Circuit.

Submitted July 21, 2003.*

Decided July 25, 2003.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

954

---

Before: LEAVY, HAWKINS, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Manuel Delgado Nunez appeals the ten-year sentence imposed following his guilty plea to one count of conspiracy to possess with intent to distribute, and conspiracy to distribute, heroin and methamphetamine, in violation of 21 U.S.C. § 846. We have

jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's interpretation and application of the Sentencing Guidelines, and for clear error its underlying factual findings. *United States v. Becerra,* 992 F.2d 960, 966 (9th Cir.1993).

Nunez contends the district court erred by holding him accountable for an April 3, 1999, drug transaction, involving 44.5 grams of pure methamphetamine which rendered Nunez eligible for a ten-year mandatory minimum sentence under 21 U.S.C. § 841. We disagree.

Under the Guidelines, a conspirator may be sentenced only for the quantity of drugs that he reasonably foresaw would be distributed by the conspiracy or that fell within the scope of his own agreement with his co-conspirators. *Becerra,* 992 F.2d at 966. The district court did not clearly err in finding that Nunez reasonably foresaw the April 3, 1999, transaction. Although Nunez was not present, the transaction took place at his home, the drugs were sold by a co-conspirator, the co-conspirator had told the confidential informant who purchased the drugs that he would negotiate the price with Nunez, Nunez had given the co-conspirator instructions on prior occasions regarding retrieving and delivering methamphetamine, and the confidential informant returned to Nunez' home three days later to pay Nunez and left the money with the co-conspirator because Nunez was not home. *See id.* Accordingly, the district court did not err in counting the drugs from the April 3, 1999, transaction in calculating Nunez' sentence.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.